UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLAND CUMMINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01655 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Marland Cummings's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 ("Motion"), filed October 27, 2008. Because this Court has determined that Cummings's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Cummings's claims are based, this Court decides this matter without an evidentiary hearing. See Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199 (2004).

## BACKGROUND

On July 12, 2007, a United States Grand Jury indicted brothers Madison and Marland Cummings on six counts. Marland Cummings was charged in only two counts, Counts V and VI. In Count V, the Grand Jury charged Marland and Madison Cummings with possession with intent to distribute a quantity of heroin in violation of 18 U.S.C. §841(a). In Count VI, the Grand Jury charged Marland Cummings with possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. §924(c). (United States v. Marland Cummings, 4:07CR00401 JCH). On October 29, 2007, Marland Cummings pled guilty to Count VI of the indictment pursuant to a written plea agreement. (United States v. Marland Cummings, 4:07CR0094 JCH, Plea Agreement, Guidelines

Recommendations and Stipulations ("Plea Agreement"), Doc. No. 34). In the Plea Agreement, the Office of the United States Attorney for the Eastern District of Missouri agreed not to prosecute further Marland Cummings relative to his illegal possession of controlled substances and firearms in May 2007, in exchange for his guilty plea. Marland Cummings was sentenced to 60 months in prison and 3 years of supervised release. (United States v. Marland Cummings, 4:07CR00401 JCH, Doc. No. 45, p. 3). Marland Cummings did not directly appeal his conviction and sentence. (Response to Show Cause Order ("Response"), Doc. No. 6, p. 2).

In this action, Marland Cummings argues that this Court lacked jurisdiction to sentence him because his crimes did not occur on a federal enclave or "in the territories and insular possessions of the 'United States' wherein the 'United States' has exclusive jurisdiction." (Memorandum in Support of Petition for a Writ of Habeas Corpus, p. 2).

### STANDARD OF REVIEW

"Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." Equere v. United States, No. 4:07-CV-1571, 2008 U.S. Dist. LEXIS 91052, *6 (E.D. Mo. Nov. 10, 2008) (citing 28 U.S.C. § 2255). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305, 41 L. Ed. 2d 109, 119 (1974); Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417, 422 (1962).

"A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" Nichols v. United States, 260 Fed. Appx. 946, 948 (8th Cir. 2008) (citing 28 U.S.C. § 2255). A movant is

entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (citing Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court, however, may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'"  Marquez v. United States, No. 4:07CV361, 2008 U.S. Dist. LEXIS 82965, *5 (E.D. Mo. Oct. 17, 2008) (citing Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citation omitted)).

## DISCUSSION

"Pursuant to the United States Constitution Article III, § 2, Clause 1, federal courts have jurisdiction in cases arising under the Constitution and laws of the United States." Enriquez v. United States, 818 F. Supp. 280, 283 (E.D. Mo. 1992).  Further, 18 U.S.C. §3231 provides, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

Marland Cummings was charged with and pled guilty to possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. §924(c).  Thus, Cummings was charged with violating a law of the United States; this Court had jurisdiction over Cummings's federal crime.  See United States v. Foster, 443 F.3d 978, 981 (8th Cir. 2006) (charging defendant with offenses against the laws of the United States provided the district court with statutory jurisdiction); United States v. Sabri, 326 F.3d 937, 940 (8th Cir. 2003) (concluding the district court had subject matter jurisdiction over this case because the defendant was charged with an "offense[] against the laws of the United States").  Accordingly, Cummings has no basis for relief on the substance of his claims.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Marland Cummings's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this <u>18th</u> day of February, 2011.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE